UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:10CV-00562-JHM

WILLIAM WHITLOCK, et al.                                                                   PLAINTIFFS

VS.

FSL MANAGEMENT, LLC, et al.                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by the Plaintiffs, William Whitlock, David Skyrm, Michael Brown, Holly Goodman, Kristin Moore, and Gary Muncy, to remand this action to the Jefferson Circuit Court [DN 85]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

Plaintiffs, William Whitlock, David Skyrm, and Kristin Moore, initially filed this case in the Jefferson Circuit Court on March 29, 2010, alleging wage and hour violations and defamation against Defendants, FSL Management, LLC ("FSL"), Entertainment Concepts Investors, LLC ("ECI"), and Cordish Operating Ventures, LLC ("Cordish"). FSL owns and operates Tengo Sed Cantina and Angel's Rock Bar and the Plaintiffs were all former employees of these businesses.

On August 25, 2010, Defendants filed their Notice of Removal relying exclusively on diversity jurisdiction as defined by 28 U.S.C. § 1332. On August 26, 2010, Plaintiffs filed a motion to amend the complaint in Jefferson Circuit Court to add additional plaintiffs, an additional defendant FSH Management, LLC, and class allegations of Kentucky wage and hour violations. FSH Management owned and operated Hotel, a nightclub where some of the newly added Plaintiffs formerly worked. Plaintiffs state they were unaware of the removal by Defendants. Upon receiving notice of the removal, Plaintiffs refiled the motion to amend in this Court. The motion was granted

by the Court on November 3, 2010. The second amended complaint alleges that FSH Management, LLC, is a Kentucky corporation with its principal office located in Louisville, Jefferson County, Kentucky. (Second Amended Complaint ¶ 3.) In their answer, Defendants admitted this allegation. (Answer to Second Amended Complaint ¶18.) Plaintiffs now move to remand this action to the Jefferson Circuit Court.

## II. STANDARD

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). This action was removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A federal district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the suit is between "citizens of different States." 28 U.S.C. § 1332(a). "It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1089 (6th Cir. 1992) (citing Smith v. Sperling, 354 U.S. 91 (1957)). Complete diversity exists when "all of [the parties] on one side of the controversy are citizens of different states from all parties on the other side." City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). A defendant removing a case has the burden of proving that these diversity jurisdiction requirements are met. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

## III. DISCUSSION

Plaintiffs move to remand the action to the Jefferson Circuit Court. Plaintiffs argue that FSH Management, LLC, is a Kentucky corporation. Plaintiffs contend that because Plaintiffs' claims are

state law claims and the removal of the case to federal court was based solely on diversity jurisdiction, the addition of FSH Management, a Kentucky corporation, destroys diversity and, therefore, divests this Court of jurisdiction.

The Court disagrees. The record reflects that FSH Management, LLC, is a Kentucky limited liability company. The citizenship of a limited liability company is determined based on the citizenship of each of its members. Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009)("[t]he general rule is that all unincorporated entities-of which a limited liability company is one-have the citizenship of each partner or member"); Carden v. Arkoma Assocs., 494 U.S. 185, 187-92 (1990); Homfeld II, LLC v. Comair Holdings, Inc., 53 Fed. Appx 731, 732 (6th Cir. 2002). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." Delay, 585 F.3d at 1005. See also V&M Star, LP v. Centimark Corp., 596 F.3d 354, 356 (6th Cir. 2010).

The record reflects that FSH Management is not a Kentucky citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Justin Conroy, Senior Counsel of Entertaining Consulting International, LLC., stated that FSH Management is wholly-owned by Louisville Saloons, LLC. (Justin Conroy Aff. at ¶ 3; FSH First Amendment to Operating Agreement.)[1] Conroy further states that Louisville Saloons, LLC, is a wholly owned by an entity known as Entertainment Holding,

---

[1] Conroy represents that the ownership of FSH Management has been incorrectly filed with the Kentucky Secretary of State listing Jacob P. Miller as the sole member of this limited liability company. Notwithstanding this mistake, Miller is a Maryland resident and his citizenship would not destroy diversity. (Id. at ¶¶ 6, 7.)

LLC. (Id. at ¶ 4.)² According to Conroy, all individual members, trustees, and trust beneficiaries of Entertainment Holding, LLC, are not residents of Indiana or Kentucky. (Id. at ¶ 5.) Defendants represent that Entertainment Holdings, LLC, has three members: Reed Cordish, a citizen of Maryland, the Joseph S. Weinberg Family Irrevocable Dynasty Trust of 2006 ("Weinberg Trust"), also a citizen of Maryland, and Cordish Enterprises, LLLP.

A trust has the citizenship of its trustee. Homfeld II, LLC v. Comair Holdings, Inc., 53 Fed. Appx. 731, 732 (6th Cir. 2002). Glenn Weinberg, a Maryland resident, is the sole trustee of the Weinberg Trust. (Exhibit 4, Plaintiff's Surreply). Additionally, the citizenship of a limited partnership is determined by the citizenship of all of its partners. Maiden v. North American Stainless, L.P., 125 Fed Appx 1 (6th Cir. 2004). Defendants represent that Cordish Enterprises, LLLP, has six partners: Blake Cordish, a Maryland citizen; Jonathon and Melissa Cordish, both Maryland citizens; Reed Cordish, a Maryland citizen; Cordish Enterprises, Inc., a Maryland corporation with its principal place of business in Maryland; and the Slade I-III Trusts which were established in the Cook Islands and have Fidelitycorp Limited as their sole trustees. (Assignment and Third Amendment to the Cordish Enterprises, LLLP Partnership Agreement). Fidelitycorp Limited is a wholly-owned subsidiary of Portcullis TrustNet Limited, which is located in Rarotonga, Cook Islands.

While Plaintiffs challenge the credibility of the Affidavit of Jacob Conroy, the Court finds no reason to disregard the jurisdictional statement and exhibits submitted by Defendants identifying the citizenship of all of FSH Management's members. See Delay, 585 F.3d at 1005. Having

---

²Entertainment Concepts Investors, LLC ("ECI") changed its name to Entertainment Holdings, LLC, on March 21, 2011.

considered Conroy's affidavit and the exhibits submitted by Defendants, the Court finds that all of the members and sub-members of FSH Management are citizens of states other than Kentucky or Indiana. Accordingly, the parties are completely diverse and this Court has jurisdiction over this case. Therefore, remand for lack of subject matter jurisdiction is improper.

If discovery reveals the citizenship of any of the Defendants to be contrary to Conroy's affidavit or exhibits submitted by Defendants, Plaintiffs may bring a renewed motion to remand for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by the Plaintiffs, William Whitlock, David Skyrm, Michael Brown, Holly Goodman, Kristin Moore, and Gary Muncy, to remand this action to the Jefferson Circuit Court [DN 85] is **DENIED**.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 30, 2012