## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:10CV-00562-JHM**

**WILLIAM WHITLOCK, et al.**                                                                    **PLAINTIFFS**

**VS.**

**FSL MANAGEMENT, LLC, et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion of Defendants to stay class proceedings pending the Sixth Circuit Court of Appeals' resolution of Defendants' Petition for Permission to Appeal this Court's certification order and any subsequent appeal [DN 100]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiffs, William Whitlock, David Skyrm, Michael Brown, Holly Goodman, Kristin Moore, and Gary Muncy, brought an action against Defendants, FSL Management, LLC, FSH Management, LLC, Entertainment Concepts Investors, LLC, and Cordish Operating Ventures, LLC ("Cordish") alleging wage and hour violations and defamation. By Memorandum Opinion and Order dated August 10, 2012, the Court granted Plaintiffs' motion for class certification of the wage and hour claims pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court certified (1) a class for all non-salaried employees of FSL Management, LLC, and FSH Management, LLC, who worked without receiving hourly wages from January 30, 2007, through January 1, 2010, and (2) a subclass for all tipped employees of FSL Management, LLC, and FSH Management, LLC, who were required to pay a portion of their tips to other employees and were required to participate in a mandatory tip pool from January 30, 2007, through January 1, 2010.

On August 24, 2012, Defendants filed a Petition for Permission to Appeal with the Sixth Circuit Court of Appeals requesting the Sixth Circuit grant Defendants leave under Fed. R. Civ. P. 23(f) to immediately appeal this Court's class certification order. On September 18, 2012, Defendants moved the Court to stay the district court proceedings until the petition for leave to appeal has been resolved, or if the petition is granted, until their appeal has concluded. Plaintiffs object to Defendants' motion.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 23(f), "A court of appeals may permit an appeal from an order granting or denying class-action certification . . . ." However, "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Ordinarily, a party must "move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1). See Powell v. Tosh, 2012 WL 1202289, *1 (W.D. Ky. April 10, 2012).

A district court balances the following factors in determining whether to enter a stay pending resolution of an appeal: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Powell, 2012 WL 1202289, *1 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "'These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.'" Powell, 2012 WL 1202289, *1(quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991) (citing In re Delorean Motor Co., 755 F.2d 1223, 1229 (6th Cir.1985)).

## III.  DISCUSSION

### A.  Success on the Merits

The Defendants have not made a strong showing that they are likely to succeed on appeal. "'The district court's decision certifying the class is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion.'" Jenkins v. Hyundai Motor Financing Co., 2008 WL 2268319, *2 (S.D. Ohio June 2, 2008) (quoting Olden v. LaFarge Corp., 383 F.3d 495, 507 (6th Cir. 2004) (internal quotation marks omitted). Contrary to Defendants' argument, the Court conducted a rigorous analysis before granting class certification. In the Court's view, the issues raised by the Defendants reflect their disagreement with the Court's determination and are an attempt to reargue the merits of the motion. However, as with any appeal, the Court recognizes that the Sixth Circuit may disagree with its findings on these issues. See Brown v. Wal-Mart Stores, Inc., 2012 WL 5818300, *2-*3 (N.D. Cal. Nov. 15, 2012)(discussing implications of Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541 (2011)).

### B.  Irreparable Injury

Defendants assert that they will be irreparably harmed if the Court does not stay the proceeding pending resolution of the appeal. Defendants argue that class litigation will be incredibly expensive and could potentially involve hundreds of depositions to address the individual issues of the class. Additionally, Defendants contend that if the Court does not stay this litigation, Defendants may be forced to settle in the face of the enormous class litigation costs without having their certification issues ruled upon by the Sixth Circuit. The Court disagrees. "'[M]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Powell, 2012 WL 1202289, *4 (quoting Michigan Coalition, 945 F.2d at 154).

Furthermore, with respect to Defendants' argument that it will suffer irreparable harm because the class certification may force them to settle without having their certification issue ruled upon by the Sixth Circuit, the record does not demonstrate that Defendants face any different risk than any defendant to a class action faces. "Were these concerns enough to signal the death knell of a defendant's case, stays would become automatic." Griffiths v. Ohio Farmers Ins. Co., 2010 WL 2774446,*3 (N.D. Ohio. July 12, 2010).

### C. Harm to Others

Plaintiffs argue that a delay in the start of the trial is substantially harmful to the Plaintiffs especially since the length of the delay is unknown. Plaintiffs contend that the Sixth Circuit will take 11 months to rule on the petition and another 11 months to rule on the subsequent appeal. Plaintiffs maintain that the class representatives as well as the class members are due wages dating back to 2007. According to Plaintiffs, being denied lawful wages affects this group of employees to a greater degree because these positions were low paying positions typically filled by young people with limited financial resources.

"The purpose of Rule 23(f), in part, is to ensure that interlocutory appeals of class certification decisions are heard and decided in a timely manner, so as not to disrupt the proceedings at the district court level." Gutierrez v. Johnson & Johnson, 523 F.3d 187, 199 (3d Cir. 2008)(citing Fed. R. Civ. P. 23(f) advisory committee's note). "The Rule specifically cautions the appellate courts to act expeditiously on such petitions for permission to appeal." Id. In the present case, Defendants filed their Petition for Permission to Appeal on August 24, 2012 and Plaintiffs filed their response on October 10, 2012. Given the advisory committee's note to Rule 23(f), there is no reason to think that the Sixth Circuit will not resolve Defendants' appeal petition in a timely manner. Further, in

the present case, Plaintiff does not allege a continuing harm. The end date for the class definition is January 1, 2010. Thus, a stay would at most delay the Plaintiffs' recovery of damages for a past harm. While the Court recognizes that a stay will cause a delay in the trial of this matter and will prolong the potential recovery of past wages or tips, these injuries are not irreparable.

### D. The Public Interest

Defendants contend that granting a stay of this matter is in the public interest because proceeding with this action during the pendency of the petition and the appeal would be an inefficient use of judicial resources and efficiency. Defendants argue that if the parties proceed with the class litigation, the Court will bear the burden of developing a class litigation plan, overseeing class-wide discovery, and overseeing class notification, which would be for naught if the Sixth Circuit decertifies the class. Furthermore, Defendants argue that issuance of the class notice prior to a decision by the Sixth Circuit would cause substantial confusion and impairment of potential class members' rights. Plaintiff's respond that granting a stay would not be in the public interest because the legitimate expectation of employees to be paid properly for their time worked in accordance with Kentucky wage and hour statutes would be frustrated by the stay. Plaintiffs also argue that even if the Sixth Circuit reverses the class certification, denying the stay would have the "salutary effect of notifying members of their individual statutory rights." (Plaintiffs' Response at 16.)

In Powell v. Tosh, 2012 WL 1202289 (W.D. Ky. April 10, 2012), Judge Russell stayed class litigation pending a Rule 23(f) appeal. As in the present case, the class in Powell was certified under Rule 23(b)(3) making it an opt out class. Id. at *5. In granting the stay, the Court found that

> If class notice is published before resolution of Defendants' appeal, and this Court's order is reversed, a corrective notice would need to be issued. This would create

5

> significant confusion among the potential class members. Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members. Thus, a "district court should stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification." Manual for Complex Litigation § 21.28 at 387 (4th ed. 2008).

Powell, 2012 WL 1202289, *5. See also Brown, 2012 WL 5818300, *5. Just as in Powell, similar problems would be faced by the potential class members and parties in the present case.

Additionally, like in Powell, "the Court is not convinced that the class claims could substantially and meaningfully progress while it is uncertain if the class will ultimately remain certified." 2012 WL 1202289, *5. In the present case, discovery of the individual wage and hour claims and defamation claim should be substantially complete. The discovery deadline was July 30, 2012.[1] Defendants represent that they have provided to Plaintiffs a list of the names, last known addresses, and phone numbers for Defendants' employees during the relevant time period. (FSL 1168-FSL 1197.) "Because the dissemination of class notice would be stayed while the petition and any allowed appeal are pending, any progress on the class claims would likely be very limited." Id.[2]

---

[1] Given the class certification, Defendants state that additional class-wide discovery would need to be conducted.

[2] Some courts in dealing with this issue merely stay class notice until after the court of appeals has acted on the petition and allow everything else to proceed – expert discovery, Daubert motions, and summary judgment briefs. See In re Rail Freight Fuel Surcharge Antitrust Litigation, ___ F.R.D. ___, 2012 WL 4127623 (D.D.C. Sept. 20, 2012); Jenkins v. Hyundai Motor Financing Co., 2008 WL 2268319, *5 (S.D. Ohio June 2, 2008). Other courts stay both class discovery and class notice, but permit discovery on the merits of the claims to proceed. Johnson v. Geico Cas. Co., 269 F.R.D. 406, 413 (D. Del. 2010). In the present case, it would appear that merit discovery has concluded. The Defendants state that due to the class certification, they will need to conduct class-wide discovery. The Plaintiffs do not respond to this statement. Instead, Plaintiffs argue that a stay will delay the trial. Accordingly, this action is at a different stage of litigation than the above cases.

Because the Court would at the very least stay the dissemination of the class notice, the trial of the class claims would be delayed pending resolution of the petition and possible appeal. As a result, just as in Powell, "[s]eparately proceeding with the individual claims and the class claims—and possibly conducting two separate trials—would not be an efficient use of the parties' and the Court's time and resources." Id. at * 6. As noted by the district court in Powell:

> With respect to dispositive motions, the parties and the Court may expend duplicative and wasted efforts. If two separate trials were ultimately conducted, the parties' expert witnesses and fact witnesses would be required to testify twice and counsel for the parties would be required to try many of the same issues twice. Furthermore, conducting two separate trials may raise issues concerning the application of res judicata and may result in inconsistent verdicts.

Powell, 2012 WL 1202289, *6. See also Brown v. Charles Schwab & Co., Inc., 2010 WL 424031, *1 (D.S.C. Feb. 1, 2010). For these reasons, the Court finds that it is in the public's interest to grant a stay of the entire case pending resolution of Defendants' appeals.

## IV. CONCLUSION

Balancing all of the factors, the Court finds that the public interest factor tips the scale slightly in favor of granting Defendants' motion for a stay. For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion to stay [DN 100] is **GRANTED**. The litigation of Plaintiffs' claims are hereby stayed until the Sixth Circuit Court of Appeals rules on Defendants' Petition for Permission to Appeal and, if granted, the resolution of Defendants' appeal. **IT IS FURTHER ORDERED** that the Defendants shall notify the Court of the resolution of Defendants' Petition for Permission to Appeal within seven days of receipt of the decision.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

December 21, 2012