UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM WHITLOCK, et al. ) | |
| ) | |
| Plaintiffs ) | Case Number: 3:10-cv-00562 |
| ) | |
| v. ) | *Electronically filed* |
| ) | |
| FSL MANAGEMENT, LLC, et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION COMPEL COMPLIANCE WITH THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs move this Court to compel Defendants' compliance with the terms of the Court's July 13, 2015 Order and hold Defendants in contempt for their failure to comply to date. Plaintiffs further move for an award of fees associated with filing this motion.

**I.     FACTS**

On July 13, 2015, the Court granted preliminary approval of the parties' Class Claims Settlement Agreement and Release (Agreement).[1] As required by Rule 23(e)(1), the Court further reviewed the parties' plan to provide notice of the settlement to the Class and found that "the Notice meets the requirements of Rule 23 and the method of distribution is reasonably calculated to inform the Class Members."[2] The Court ordered that it "approves the plan of notice set forth in the Motion for Preliminary

---
[1] Order [DN 168] dated July 13, 2015, Agreement attached as Exhibit A.
[2] Order at 14-15

1

Approval."[3]  In its Order, the Court also endorsed the parties' agreement to retain Analytics, Inc. as the claims administrator.[4]

Despite the Court's approval of agreement to retain Analytics, Inc. as the claims administrator and Defendants' obligations set forth in the Agreement, Defendants have failed to abide by its terms.  Specifically, Section 16(A) provides that "[u]pon execution by Plaintiff of this Settlement Agreement, Defendants shall deposit $25,000 to the client trust account of its attorneys.  Within 5 business days upon entry of preliminary approval of this Settlement Agreement by the Court, Defendants' attorneys shall deposit the initial $25,000 in an escrow account established and maintained by the Claims Administrator."[5]

Plaintiffs' counsel hand delivered the executed agreement to Defendants' counsel, Dinsmore & Shohl, on July 20, 2015.[6]  Thus the initial deposit should have been made to Defendants' counsel on or before July 25, 2015 and immediately transferred to Analytics.  Plaintiffs' counsel provided Defendants with wire transfer instructions to Analytics' account by email on July 23, 2015.[7]  Plaintiffs' counsel requested an update regarding payment of the initial deposit on July 30, 2015, but has not received a substantive response.[8]  As of August 3, 2015, 21 days after entry of the Court's order and 14 days after provision of the executed Agreement, Analytics confirmed that Defendants have not made the initial deposit to Analytics.[9]

---

[3] *Id*. at 16.
[4] *Id*. at 13.
[5] Exhibit A, Agreement at §16(A), p. 10.
[6] Exhibit B, letter from M. Henry to Defendants' counsel dated July 20, 2015.
[7] Exhibit C, email from M. Henry to M. Abate dated July 23, 2015.
[8] Exhibit D, email from M. Henry to M. Abate dated July 30, 2015 and M. Abate response dated July 31, 2015.
[9] Exhibit E, email from C. Barazesh, Director, Analytics, Inc. to M. Henry dated August 3, 2015.

## II.     ARGUMENT

The Court has the authority to hold Defendants in contempt of court and compel them to comply with the Court's order: "A district court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the Court's orders."[10]  The moving party must establish the failure to comply with the Court's order by clear and convincing evidence.[11]

In this case, there is no question that Defendants have failed to abide by the terms of the Court's order.  The initial payment was due upon the Court's approval of the settlement agreement.  Even considering that the executed agreement was not provided to Defendants until the July 20, the payment should have been made by July 25, 2015.  Defendants have offered no explanation for failing to comply with the Court's order, despite the opportunity to do so in response to Counsel's July 30 email.

## III.    SANCTIONS

Plaintiffs ask the Court to order Defendants' compliance with its July 13, 2015 Order and with the terms of the Settlement Agreement.  Plaintiffs further ask the Court to award Plaintiffs' counsels' fees associated with making this motion and attending any related hearings.[12]  Plaintiffs further request that the Court impose sanctions sufficient to "coerce [Defendants'] compliance with the court's order" and suggest a fine of $5,000 per day for each day Defendants fail to comply with the Court's order.[13]

---

[10] *Dell, Inc. v. Elles,* 2008 U.S. App. LEXIS 27886 at *5 (6th Cir. June 10, 2008) *citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991) & *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003).
[11] *Dell, Inc.,* 2008 U.S. App. LEXIS 27866 at *5-6; *U.S. v. Conces*, 507 F.3d 1028, 1041-1042 (6th Cir. 2007); *A&H Mgmt. Servs. v. Chafflose Corp.*, 2010 U.S. App. LEXIS 27436 at *4 (6th Cir. Aug. 26, 2010).
[12] If the Court orders payment of attorney fees, Plaintiffs' counsel will file affidavits in support of the fee requested.
[13] *A&H Mgmt. Servs.*, 2010 U.S. App. LEXIS 27436 at *5-6 (approving sanctions including attorney fees and expenses, a daily fine of $10,000 and incarceration of the defendant corporation's president until the corporation was in compliance with the Court's order).

Respectfully submitted,

CRAIG HENRY PLC

/s/ Michele Henry
Michele Henry
239 South Fifth Street
Suite 1400
Louisville, Kentucky 40202
(502) 614-5962
(502) 614-5968 (facsimile)
mhenry@craighenrylaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing will be served by operation of the Court's CM/ECF system this 4th day of August, 2015 to the following:

P. Kenyon Meyer
Michael Abate
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, KY  40202

and

Michael Hawkins
Dinsmore and Shohl, LLP
225 East 5th Street, Suite 1900
Cincinnati, OH  45202

/s/ Michele Henry
*Attorney for the Class*