**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| WILLIAM WHITLOCK, et al. ) | |
| ) | |
| Plaintiffs ) | Case Number: 3:10-cv-00562 |
| ) | |
| v. ) | *Electronically filed* |
| ) | |
| FSL MANAGEMENT, LLC, et al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS**

In accordance with the Court's July 13, 2015 Order and Fed. R. Civ. P. 23(h), Plaintiffs move this Court to grant their petition for attorney fees and costs. In support of the petition, Plaintiffs state as follows.

## I.   Litigation History

This case was filed on behalf of four former employees of Defendants in March 2010. The complaint was amended to add three additional plaintiffs and make class claims in November 2010. Over the next two years, the parties engaged in extensive discovery including nineteen sets of interrogatories, requests for production and requests for admissions directed to the class representatives, depositions of each of the class representatives and extensive motion practice related to that discovery.[1] Discovery culminated in a motion for class certification in January 2012. After Plaintiffs obtained a favorable decision certifying the class in August 2012, Defendants filed a petition seeking permission to appeal the class certification decision at the Sixth Circuit. After

---

[1] Motion practice included a motion to compel Defendants' responses to much of Plaintiffs' written discovery, a motion to clarify the Court's ruling in Plaintiffs' favor on their motion to compel and a motion to quash Defendants' subpoena for Plaintiff Whitlock's employment records.

the Sixth Circuit denied the petition in January 2013, Defendants filed a motion to reconsider the decision in April 2013[2] and a motion for a ruling on whether certain job descriptions were within the classes certified.[3] Eventually the parties engaged in a prolonged mediation session that resulted in a settlement of the claims. They then spent nearly a year negotiating the language of the final settlement agreement. On the eve of filing a motion for approval of the settlement, Defendants moved to stay the proceedings indefinitely to await a decision by the Kentucky Supreme Court resulting in substantial additional briefing.[4] After an unfavorable decision on the motion to stay, Defendants have again sought relief from the Sixth Circuit, recently filing another petition to review the class certification decision originally issued three years prior, necessitating yet another round of extensive briefing.[5] It is fair to characterize this litigation as contentious and extensively practiced.

## II. Counsel representing Plaintiffs[6]

Michele Henry has acted as lead counsel since filing this case in March 2010, spending 793 hours practicing the case to date. Ms. Henry has practiced labor and employment law in the Louisville area since 2002, initially representing employers while employed by Frost Brown Todd and then transitioning her practice to one representing individuals and labor unions in 2007. She is a member of the Louisville Bar Association and has served as chair of the Solo/Small Firm section. In addition, she has been listed as a top lawyer in Louisville Magazine's annual Top Lawyers listing and selected as a Kentucky Super Lawyer. In 2012, she was awarded an hourly rate of $250

---

[2] DN 119.
[3] DN 136.
[4] DN 161.
[5] Case No. 15-504.
[6] Exhibit A, Affidavit of M. Henry.

by the Jefferson Circuit Court in *Meredith v. Metropolitan Sewer District*, a race discrimination case.[7]

Alton Priddy acted as co-counsel from April 2012 to the present, spending approximately 56.3 hours practicing the case. Mr. Priddy has been licensed to practice law in Kentucky since 1972 and in Indiana since 1974. Since 1974, he has primarily practiced labor and employment law. He previously served as co-chair of the Louisville Bar Association Labor Law section and served on the faculty of the University of Louisville Carl Warns Labor Institute. He has been listed in the Best Lawyers in America since 1989 in the field of labor and employment law and the Best Lawyers Annual Guide to Labor and Employment. He has also been listed in Louisville Magazine's Top Lawyers in the City as well as in the Kentucky Super Lawyers. In 2008, this Court awarded Mr. Priddy an hourly rate of $325 for work performed in a fee-shifting case.[8] In 2012, a Jefferson Circuit Court awarded Mr. Priddy an hourly rate of $350 in another fee shifting case.[9]

### III. Discussion

When a class action has been certified and resolved with a settlement, the Court may award class counsel compensation for the attorney fees and costs incurred in prosecuting the action to the extent authorized by the parties' agreement.[10] In this case, the Class Claims Settlement Agreement and Release (Agreement) provides that Defendants will not object to a request for attorney fees in an amount of 25% or less of the gross settlement proceeds: "Defendants will not object to Class Counsel's request for

---

[7] [7] *Meredith v. Louisville & Jefferson County Metro. Sewer District*, Case No. 05-CI-6148, Division 6 (Order dated September 14, 2011 attached as Exhibit B).
[8] *U.S. ex rel Dennis Lefan, et al. v. General Electric Co.*, Case No. 4:00-cv-00222, Order dated January 15, 2008 [DN 141].
[9] *See* exhibit B.
[10] Fed. R. Civ. P. 23(h).

3

attorney's fees not to exceed twenty-five percent (25%) of the total Gross Settlement Payment."[11]

The Court must determine that the fee sought is reasonable.[12] The Sixth Circuit has approved of two methods to determine the reasonableness of the fee – the lodestar method and the percentage method. In addition to assessing the reasonableness of the fee based on these methods, the Court may also consider six additional factors in its decision: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides."[13]

In addition to reasonable attorney fees, the Court may award non-taxable costs pursuant to Rule 23(h). Expenses subject to reimbursement include reasonable out-of-pocket litigation expenses and costs, and, further, include expenses related to document production and travel.[14]

### a. Lodestar Method

In assessing the reasonableness of the fee requested using the lodestar method, the number of hours reasonably expended by counsel is multiplied by their reasonable hourly rate. This number can be modified to account for unusual factors in the litigation.

In this case, class counsel has, from the inception of the case to date, spent 923 hours on this litigation. The bulk of those hours, 793, have been expended by lead

---

[11] Agreement, DN 163-2 at §7(A).
[12] *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).
[13] *Id.*
[14] *Dick v. Sprint Communs. Co.*, 297 F.R.D. 283 (W.D. Ky. 2014).

counsel, Michele Henry. Ms. Henry has been practicing employment law in the Louisville, Kentucky market for 13 years. In 2012, a Jefferson Circuit Court awarded her fees in an employment discrimination case at an hourly rate of $250.[15] Co-counsel Alton Priddy has spent 56 hours on this case. Mr. Priddy has practiced law in this community for over 40 years and his most recent court-approved hourly rate was $350 in 2012.[16] The remaining hours were for work completed by other attorneys at Craig Henry PLC and Priddy Cutler Naake and Meade, PLLC and were completed by attorneys with substantial employment or litigation experience. In addition to these attorney hours, a paralegal recorded 95 hours on this matter over the five years of litigation. We reasonably expect to spend another 75 hours on the administration of the settlement and preparation for the fairness hearing. This brings the total hours on this litigation to 998.[17]

Calculation of the appropriate fee using the lodestar method with an hourly rate of just $250 for the attorney time and $100 for the paralegal time results in a fee of $259,000. This is more than the fee sought by class counsel, thus, use of the lodestar method supports the requested award of $250,000

    b.    **Percentage of Fund Method**

The percentage of fund approach awards an attorney fee equal to a percentage of the common settlement fund. Typically such awards are between 20-30% with a 25% fee the benchmark.[18] In this case, class counsel requests a fee of $250,000 or 24% of the

---

[15] Exhibit B.
[16] *Id.*
[17] This estimate presumes that the Sixth Circuit declines to permit Defendants' request to appeal this Court's preliminary approval of the settlement.
[18] *Dick*, 297 F.R.D. at 299.

5

common fund. This request is, obviously, within the 20-30% range and is less than the presumptive 25% award.

### c. Additional Factors to Consider

In the Sixth Circuit, courts must also consider the six factors identified above with an emphasis on "the value of the benefit rendered and value of the services on an hourly basis."[19]

#### 1. Value of Benefit Rendered

The value of the benefit rendered to the class members is considered the most important of the six factors and deserves careful consideration. The Agreement between the parties provides that every individual in the class who was employed in a tipped position will be compensated in an amount equal to the applicable minimum wage for every hour he or she worked during the relevant time period, less the tipped minimum wage that was paid at the time of employment. In addition, every class member will be compensated at either the applicable minimum wage or his or her hourly wage (whichever is higher) for five hours for every week of employment. This represents a reasonable estimate of the number of hours worked off-the-clock engaged in promoting the businesses, clean up, set up and meetings. The total estimated payment to class members is $758,777.[20]

#### 2. Value of services on an hourly basis

As described above, the lodestar method of calculating an appropriate attorney fee results in a fee of $259,000, slightly less than the fee requested. This weighs in favor of approval of the requested fee.

---

[19] *Id.* at 299.
[20] This is calculated by reducing the gross settlement payment, $1,040,000 by the requested attorney fee of $250,000 and the expenses incurred, including the fee of the claims administrator, of $31,222.96.

### 3. Whether the case was taken on a contingent basis

Accepting a case on a contingency fee arrangement requires counsel to incur the risk of being compensated after a substantial investment of time and resources. When a case is taken on a contingency basis, this factor weighs in favor of awarding reasonable fees. This case has been pursued on a contingency basis throughout this litigation resulting in a substantial investment of time and resources by the attorneys involved.

### 4. Society's stake in rewarding attorneys

In cases such as this, individual plaintiffs may have damages that are too small to justify years of litigation and the related expenses and fees. However, the class action option permits these individuals to recover the wages due to them and, by doing so in a large group, creates judicial efficiencies. Counsel should be rewarded for taking this case specifically and these types of cases generally, thereby ensuring that employers comply with state and federal statutes regarding the payment of wages. In this case the requested fee comports with normal hourly rates in the area and is within the accepted range for a percentage fee, thus, there is no windfall to counsel by awarding the requested fee.

### 5. Complexity

As described above, this case has presented numerous challenges as multiple Supreme Court and Kentucky court decisions related to class actions and wage and hour law have been decided during its pendency. Moreover, the case involved multiple appeals to the Sixth Circuit as well as extensive motion practice. The complexity of the case supports the fee requested.

### 6. Professional Skill and Standing

In considering the professional skill and standing of counsel, the Court should consider counsel on both sides of the litigation. Defendants have been represented by three of Louisville's largest defense firms over the course of the litigation. The eight individual attorneys assigned to the case from each of these firms have extensive experience in defending wage and hour cases.[21]

Counsel for the class have practiced employment law in this market for a combined 56 years. The work performed over the course of this litigation is perhaps the best measure of their skill. They have received favorable decisions on class certification issues on multiple occasions and have prevailed in discovery motions and motions to amend the complaint. Counsel have successfully shepherded this case through five years of highly contentious litigation against Louisville's top defense lawyers obtaining a settlement that makes over 400 employees and former employees whole.

### d. Costs incurred

The Court is also permitted to award an amount equal to the costs incurred in the course of litigation. The costs to date are $6,222.96. This includes $3,508.30 in deposition costs, $1,725.83 in mediator expenses; $233 in filing and service fees and $755.83 in miscellaneous costs including copies, postage, and travel.[22] These costs represent just 0.6% of the gross settlement and are quite modest when compared to the value of the benefit received by the class members.

---

[21] Robert Stopher and David Crittenden of Boehl Stopher & Graves, LLP represented Defendants from March 2008 through October 2011. Michael Hawkins, R. Kenyon Meyer, Michael Henry and Michael Abate of Dinsmore & Shohl, LLP represented Defendants from October 2011 until August 2015. Clark Johnson and Chadwick McTighe of Stites & Harbison, PLLC entered their appearance in August 2015.
[22] The Agreement provides for payment of up to $25,000 to Analytics, Inc. for class administration services. The Court previously approved this payment in its July 13, 2015 Order.


## IV. Conclusion

Class counsel asks this Court to approve their requested attorney fee of $250,000 for their work on this case. The requested fee is reasonable under both the lodestar and percentage methods of calculation. Moreover, the fee requested is reasonable in light of the value of the settlement to the class members, the value of the services provided, and the nature of the case including its complexity and societal importance. In addition, counsel asks the Court to award costs in the amount of $6,222.96 in addition to the $25,000 already approved to retain the claims administrator.

Respectfully submitted,

CRAIG HENRY PLC

/s/ Michele Henry
Michele Henry
James Craig
239 South Fifth Street
Suite 1400
Louisville, KY 40202
(502) 614-5962
(502) 614-5968 (facsimile)
mhenry@craighenrylaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing will be served by operation of the Court's CM/ECF system this 24th day of August, 2015 to the following:

Clark C. Johnson
Chadwick A. McTighe
Stites & Harbison PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352

/s/ Michele Henry

9